IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Noah Church,

    Petitioner,               No. 2:08:cv-02011-MDS

  vs.                        <u>ORDER</u>

James A. Yates,

    Respondent.

_____/

      Petitioner Noah Church, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a). Pending before this court are Church's petition for a writ of habeas corpus (Pet.), Respondent James A. Yates's answer (Ans.), Church's traverse to the answer (Trav.), and Lodged Documents 1-6. For the reasons discussed below, Church's petition is DENIED.

I

      On February 10, 2006, Church was convicted by a Shasta County Superior Court jury of possession of heroin for sale (Health and Safety Code § 11351); maintaining a place for selling heroin (Health and Safety Code § 11366); possession of an injection/smoking device (Health and Safety Code § 11364); and possession of a needle/syringe (Business and Professions Code § 4140). Lodged

Doc. 4 at 1. Church was sentenced to twenty-eight years to life in prison, consisting of 25 years to life for possessing heroin for sale, plus a consecutive three years for the narcotics enhancement. Lodged Doc. 4 at 2. He is currently serving this sentence.

### A

Church filed a direct appeal of the conviction with the California Court of Appeal, Third Appellate District. In its decision affirming the judgment, the Court of Appeal summarized the relevant facts as follows:[1]

> We need not recount in detail the facts of the underlying offenses. Suffice it to say that on May 22, 2005, the Shasta Interagency Narcotics Task Force searched [Church's] residence – a room at the Capri Motel in Redding, which he shared with his wife and son – and found hypodermic syringes, approximately one-quarter gram of heroin, a digital scale, a used glass pipe, "pay/owe" sheets, "clean packaging," a loaded .50 caliber handgun, and ammunition. Officers also searched a van parked near the hotel room and found approximately 7.9 grams of heroin behind the ashtray and a glass pipe on a ledge over the driver's seat door. [Church] told one of the law enforcement officers the heroin "underneath" the ashtray was his.
>
> Both of [Church's] prior strike convictions were for attempted robbery. [Church] was convicted of attempting to rob two separate victims. Both attempted robberies occurred on October 1, 1983, and involved the use of a knife. [Church] was sentenced to three years for one of the attempted robberies and a consecutive eight months for the other. In deciding to impose consecutive sentences, the trial court found "the crimes involved separate acts of violence" and "multiple victims."
>
> Before the sentencing hearing in this case, [Church] made a request pursuant to *People v. Superior Court (Romero)* [, 917 P.2d 628 (Cal. 1996),] and Penal Code section 1385 to strike at least one of his prior convictions. Although the court found the motion was "a close one," it denied it.

Lodged Doc. 4 at 2-3.

### B

The California Court of Appeal for the Third Appellate District affirmed Church's conviction on direct appeal on July 5, 2007. Lodged Doc. 4. On September 12, 2007, the California Supreme Court denied Church's petition for

---

[1] Since Church has not raised a challenge to their accuracy, the factual findings of the Court of Appeal are presumed correct. *See* 28 U.S.C. § 2254(e)(1).

review.

## C

Church filed his petition for a writ of habeas corpus in this court pursuant to 28 U.S.C. § 2254(a) on August 28, 2008. Pet. 6. Church has exhausted his state remedies.

## II

### A

Church's petition was filed after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, a federal court has limited power to grant habeas corpus relief. AEDPA provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision may result in a decision that is "contrary to" established federal law if it "applies a rule that contradicts the governing law set forth in our cases" or "confronts a set of facts that are materially indistinguishable from a decision of the Court and nevertheless arrives at a result different from our precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). "[C]learly established Federal law" is defined as "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). The state court's decision may be "an unreasonable determination" if "the state court identifies the correct governing legal principle" but applies the principle unreasonably to the prisoner's factual situation. *Williams*, 549 U.S. at 413.

The writ of habeas corpus may only issue if the prisoner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Rather, a state court's interpretation of state law binds a federal court sitting in habeas corpus. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).

"In determining whether a state court decision is contrary to federal law, we look to the state's last reasoned decision." *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002); *see also Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). Where there is no reasoned decision from the state court, this court must conduct an independent review of the record to determine if the state court's denial was objectively unreasonable. *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003).

B

Church asserts that the state court abused its discretion in failing to strike one or both of his prior convictions under California Penal Code § 1385, which grants the district court power to do so as explained in *Romero*, 917 P.2d at 630. Pet. at 7. Further, he argues that this abuse of discretion constituted a violation of his rights to due process and the ban on cruel and unusual punishment. Pet. at 14. The state court's ruling denied Church's claim as to the issue of state law, but did not address the federal claims raised by Church in its reasoned decision.

III

A

Church's claim that the state court abused its discretion in failing to strike one or both of his prior convictions is not a cognizable claim on federal habeas review, because it is an issue of purely state law. *See Brown v. Mayle*, 283 F.3d 1019, 1040 (9th Cir. 2002), *vacated on other grounds,* 538 U.S. 901 (2003); *see also Ely v. Terhune*, 125 F. Supp. 2d 403, 411 (C.D. Cal. 2000) (finding that a claim the state trial court abused its discretion by refusing to strike a prior

conviction is not cognizable in a federal habeas proceeding). This court is accordingly bound by the state court's interpretation of *Romero*, and the state court's finding that the trial court did not abuse its discretion in this case. *See Bradshaw*, 546 U.S. at 76.

## B

Church's claims that his right to due process was violated and that his sentence constituted a violation of the Eighth Amendment also fail. Church has failed to present evidence that his sentence violated clearly established federal law regarding due process in place at the time of the state court's final ruling. He cites no federal case law establishing that a California trial judge's failure to strike a prior conviction constitutes a violation of due process. Rather, his claims of abuse of discretion appear to rest entirely on California state law. Therefore, his argument is foreclosed as discussed above.

As to the Eighth Amendment issue, Church cites *Lockyer* in support of his claim; however, that case stands for the proposition that "[t]he gross disproportionality principle [of the Supreme Court's Eighth Amendment jurisprudence] reserves a constitutional violation for only the extraordinary case." 538 U.S. at 77. The Court in *Lockyer* concluded that the California Court of Appeal was not unreasonable in affirming a sentence of 25 years to life in prison under California's Three Strikes Law, even though the underlying offense was the theft of approximately $150 worth of videotapes from two different stores. *Id.* at 66, 77. Far from supporting Church's claim, *Lockyer* establishes that California's use of the Three Strikes Law does not violate the Eighth Amendment, or at least that the California courts do not unreasonably apply federal law in concluding that there is no violation.

Accordingly, after independent review of the state court's dismissal as to the federal Constitutional claims, the court must conclude that Church has failed to establish grounds for granting the writ of habeas corpus.

Conclusion

It is hereby ordered that Church's application for a writ of habeas corpus is DENIED. The Clerk is directed to enter the judgment and close the case.

DATED: July 15, 2009

          /s/ Milan D. Smith, Jr.
          UNITED STATES CIRCUIT JUDGE
          Sitting by Designation